USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW ARNOLD,

        Plaintiff,

    — against —

BETH ABRAHAM HEALTH SERVICES, INC., YONI KONO, MAUREEN CONNOLLY,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 09-cv-06049 (AKH)(MHD)

PLAINTIFF'S MOTION FOR REMAND

*[Handwritten annotation:]* The motion is denied. The complaint alleges breach of a collective bargaining agreement, within the exclusive jurisdiction of the federal district court. See § 301, LMRA, 29 U.S.C. § 185(a). 8/18/09 [signature] AKH

    Plaintiff Andrew Arnold hereby responds to the Notice of Removal of State Court Action Pursuant to 28 U.S.C. § 1441 and 1446 by "Beth Abraham Health Services with this Motion for Remand to State Court Pursuant to 28 U.S.C. § 1447 (c).

    **(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section <u>1446 (a)</u>. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

    1. On or about the 26th day of March, 2009, index number 250504-2009, which pertains to Defendants Beth Abraham Health Services, was purchased in the Supreme Court of the State of New York, County of Bronx, commencing the above-entitled action

by Plaintiff Andrew Arnold against Beth Abraham Health Services which seeks relief for acts, which as alleged, constitute tortuous interference with a contract, and violate New York State's anti-discrimination/retaliation statutes (for recipients of state funding) and constitute a breach of a contractual obligation or liability express or implied breach, entered into in the State of New York, as well as a breach of New York State's covenant of good faith and fair dealing.

2. On or about the 2nd day of July 2009, Defendant Beth Abraham Health Services filed a Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of Bronx, which moved the court by Notice with a Petition that asks the court to remove the captioned Complaint, Index No. 250504-2009 from the Supreme Court of the State of New York, County of Bronx, to the United States District Court, Southern District of New York.

3. Defendant's case rests on the presumption that there are only Federal remedies available to plaintiff.

4. Since the unlawful practices as alleged were and are now being committed within the Bronx County, City of New York, State of New York, Plaintiff seeks to have the six-year New York statute of limitations for breach of contract claims applied in this case.

5. An Article 78 Court[1], having reviewed several of the issues involved in this case, has concluded that Beth Abraham did in fact assign Plaintiff, during the period of

---

[1] Exhibit 1, Notice of Entry of Decision and Order on Motion.

his employment, a disproportionately greater workload than similarly situated workers of a different gender.

6. This undue hardship, as a matter of law, had been specifically brought before 199SEIU, the bargaining unit representative of Plaintiff, _prior_ to his termination and was also raised _during_ the grievance process after Plaintiff's termination.

7. The court's conclusion simultaneously establishes that New York State's covenant of good faith and fair dealing in all contracts between parties entered into in the State of New York had been violated.

8. Mr. Arnold claims that Beth Abraham intentionally induced 1199 SEIU to breach their contractual commitments with Plaintiff which involve representing him fairly in negotiations [as a Union member of 1199SEIU] to allow its documented pattern of discriminatory behavior against Plaintiff to continue or go unpunished. At the time of Plaintiff's Step III Grievance Hearing, the disparity in workload, an undue hardship as a matter of law, was not in dispute.

9. State courts may exercise jurisdiction over claims brought under 42 U.S.C. § 1983, and have concurrent jurisdiction over Title VII claims and violations of the Equal Pay Act.

10. Plaintiff had asserted a potentially meritorious argument to the union, which had been documented, claiming that management had violated the anti-discrimination provision of the CBA.

11. New York Law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of New York.

12. In the present case, the proper limitation period . . . is the six-year limitation set out in N.Y. CPLR § 213(2) for 'an action upon a contractual obligation or liability express or implied.' , encompassing the statutory periods for tortious interference, breach of contract, discrimination/retaliation in New York State.

13. No previous petition for remand of this action has been made.

WHEREFORE, Plaintiff Andrew Arnold requests that the above action now pending removal to the United States District Court for the Southern District of New York, be remanded therefrom back to the State Court.

Dated: July 17, 2009
New York, New York

*Andrew Arnold*

By: Andrew Arnold
    1964 Nereid Ave
    Bronx, New York, NY 10466

TO:
    McDermott Will & Emery LLP
    Attorneys for Beth Abraham
      Health Services, Inc.
    340 Madison Avenue
    New York, New York 10173

-4-

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW ARNOLD,

        Plaintiff,

     – against –

THE NEW YORK STATE DIVISION OF HUMAN
RIGHTS, BETH ABRAHAM HEALTH SERVICES, INC.,
ET. AL.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No. 0260282/2008**

**NOTICE OF ENTRY OF
DECISION & ORDER
ON MOTION**

**PLEASE TAKE NOTICE** that the within is a copy of a Decision & Order on Motion duly made and entered in the within-entitled action and filed in the office of the Clerk of the Supreme Court on the State of New York, Bronx, County, on January 6, 2009.

Dated: New York, New York
       January 7, 2009

                            Andrew Arnold

                            By: *Andrew Arnold*
                               Andrew Arnold
                             Petitioner-Appellant, *Pro Se*
                             1964 Nereid Ave
                             Bronx, New York 10466

*[Stamp: 2009 JAN -7 PH 3: 03  COUNTY CLERK BRONX CO  RECEIVED]*

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:
----------------------------------------------------------------X

ARNOLD, ANDREW

-against-

N.Y.S.D.O.H.R.

----------------------------------------------------------------X

Index №. 0260282/2008

Hon. **GEOFFREY D. WRIGHT**,

Justice.

Case Disposed ☐
Settle Order ☐
Schedule Appearance ☐

The following papers numbered 1 to _____ Read on this motion, **ARTICLE 78**
Noticed on **September 25 2008** and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 1 | |
| Answering Affidavit and Exhibits | 2 | |
| Replying Affidavit and Exhibits | | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this Motion to dismiss
aranted as per attach order

Motion is Respectfully Referred to:
Justice:
Dated:

Dated: 12/16/08

RECEIVED
BRONX COUNTY CLERK'S OFFICE

JAN 6 - 2009

PAID ☐ . NO FEE ☐

GEOFFREY D. WRIGHT
AJSC

Hon. _____
**GEOFFREY D. WRIGHT, J.S.C.**

W
VF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: Part IA-1
-------------------------------------------------------------X
In The Matter Of The Application Of
ANDREW ARNOLD,
   Petitioner,
For A Judgmen' Pursuant CPLR Article 78

  -against-

THE NEW YORK STATE DIVISION OF HUMAN
RIGHTS, BETH ABRAHAM HEALTH SERVICES, INC.,
YONI KONO, MAUREEN CONNOLLY,
KERI FRAZIER-WHITE,

   Respondents
-------------------------------------------------------------X

Index #008636/06   0260282/2008
Motion Cal.
Motion Seq. #
**DECISION/ORDER**
Present:
Hon. Geoffrey Wright
Justice, Supreme Court

GEOFFREY D. WRIGHT AJSC

  Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Motion to: dismiss petition

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion, Affidavits & Exhibits Annexed | 1 |
| Order to Show Cause, Affidavits & Exhibits Annexed | |
| Answering Affidavits & Exhibits Annexed | 2 |
| Replying Affidavits & Exhibits Annexed | |
| Other (Cross-motion) & Exhibits Annexed | |

  Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

  The Petitioner is the former employee of Beth Abraham Health Services, who brings this Article 78 proceeding to contest the finding of Respondent State Division Of Human Rights that his termination, in April of 2007, was justified. This ruling represents the successful appeal of Beth Abraham and the individuals named above, Kono, Connolly and Frazier-White, who were the Petitioner's superiors. They asked the Division of Human Rights to reconsider its finding of probable cause on Mr. Arnold's complaint that he had been terminated from his employment at Beth Abraham because of sex discrimination.

50

In reviewing the records submitted with this petition, it appears that the Petitioner had one other colleague of coordinate jurisdiction, so assessing any differential in work assignment based on gender would be exceedingly difficult. In addition, the record does show that the Petitioner's periodic work critiques support the complaint that some of his work, in particular dealing with planning and medication, needed improvement. Considering that the health and perhaps the life another person might be at stake, I can well understand how lapses in these areas would be of utmost concern.

In addition to the gender-based discrimination claimed, which is at best hinted at and not documented, the Petitioner seems to stress, here and below, his association of his termination with his jury duty. First and foremost, the State of New York simply does not recognized termination due to jury duty as a private cause of action [*GOMARIZ v. FOOTE, CONE & BELDING COMMUNICATIONS, INC.*, 228 A.D.2d 316, 644 N.Y.S.2d 224 ("Judiciary Law § 519, which makes it a misdemeanor punishable by a penalty of criminal contempt to dismiss an employee for serving on a jury but does not expressly provide for a private right of action, does not impliedly create a private civil cause of action by the employee so terminated as against the employer. Plaintiff has failed to establish, under the test to determine whether a private cause of action may be implied from such a statute, that the creation of such a right would be consistent with the legislative scheme.."); see also *LAWSON v. HOWARD SYSTEMS INTERN*, 23 A.D.3d 177, 802 N.Y.S.2d 620]. Since the jury duty issue cannot be litigated, and as the Division has noted, is not prohibited under the Executive Law, the Petitioner cannot appeal his dissatisfaction with the handling of that issue.

As to the disproportionate work load, there is an indication in the file that he was given more work because he had more experience than his colleague. The information stream seems to stop there, giving me no reason for further inquiry, much less granting this petition.

The motion to dismiss the petition is granted. That being said, a dismissal of the petition against the Division is also appropriate.

This constitutes the decision and order of the Court.

Dated: December 16, 2008

**GEOFFREY D. WRIGHT**
AJSC

51

ed On - 1/6/2009 11:01:35 AM Bronx County Clerk