```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANDREW ARNOLD,                          :
                    Plaintiff,          :
                                        :      09 Civ. 6049 (DLC)
          -v-                           :
                                        :      OPINION & ORDER
BETH ABRAHAM HEALTH SERVICES, INC.,     :
YONI KONO, and MAUREEN CONNOLLY,        :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff Pro Se:
Andrew Arnold
1964 Nereid Avenue
Bronx, NY 10466

For Defendants:
Terri L. Chase
Amanda M. Brown
Jones Day
222 East 41st Street
New York, NY 10017

DENISE COTE, District Judge:

Pro se plaintiff Andrew Arnold brings this lawsuit against Beth Abraham Health Services, Inc. ("Beth Abraham") and two Beth Abraham administrators, Yoni Kono and Maureen Connolly (collectively, the "defendants") arising out of the termination of Arnold's employment on April 5, 2007. On July 10, 2009, the defendants filed this motion to dismiss the plaintiff's complaint. For the following reasons, the defendants' motion is granted.

BACKGROUND

The facts below are taken from the plaintiff's complaint. Additional detail is provided in the recent opinion in the related case of Arnold v. 1199 SEIU, No. 09 Civ. 5576 (DLC), 2009 WL 4823906 (S.D.N.Y. Dec. 15, 2009) ("Arnold I").

Arnold was a full-time employee of Beth Abraham until he was fired on April 5, 2007. While working at Beth Abraham, he was a member of the 1199 SEIU labor union (the "Union"). As such, his terms of employment were governed by a collective bargaining agreement ("CBA") between the Union and Beth Abraham. The terms of the CBA included, inter alia, that neither Beth Abraham nor the Union could discriminate against any covered employee. The complaint alleges that Beth Abraham assigned plaintiff a "disproportionately greater workload than workers of coordinate jurisdiction of a different gender" and thereby "distributed [his] work assignments on the basis of discrimination/retaliation in violation of anti-discrimination provisions in the CBA."

After the plaintiff was fired, the Union contested the plaintiff's discharge from employment. A grievance hearing was held in May 2007 at which plaintiff's discrimination claims were raised. Following the conference, Beth Abraham upheld its decision to fire the plaintiff and denied his grievance.

PROCEDURAL HISTORY

Plaintiff filed this action in New York Supreme Court, Bronx County, on or about March 26, 2009. After being served, defendants filed a notice of removal in this Court on July 2, and the case was assigned to the Honorable Alvin K. Hellerstein. The defendants then filed a motion to dismiss on July 10. Plaintiff moved to remand his case to state court on July 17, and the plaintiff's motion was denied by Judge Hellerstein on August 19. This action was reassigned on September 2 because it was related to Arnold I, a case then pending before this Court. The defendants' motion to dismiss became fully submitted on September 9.

DISCUSSION

Beth Abraham has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). For a plaintiff's claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted)). Applying

this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

A court considering a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted). Moreover, pleadings filed by pro se plaintiffs are to be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly, . . . we remain obligated to construe a pro se complaint liberally.").

I. Breach of the Collective Bargaining Agreement

Although plaintiff does not refer to a federal statute by name, the complaint alleges that the defendants breached the CBA between Beth Abraham and the Union. "It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 163 (1983). Because plaintiff's claims involve interpretation of

the CBA, plaintiff's claims are governed by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  An employee ordinarily "is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement" before filing suit, however, and therefore an employee only has standing to sue under Section 301 if the union "breach[ed] its duty of fair representation" in representing the employee.  DelCostello, 462 U.S. at 163-64; see also Dougherty v. Am. Tel. & Tel. Co., 902 F.2d 201, 203 (2d Cir. 1990).  Such a suit is known as "a hybrid § 301/duty of fair representation claim."  Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005); see also DelCostello, 462 U.S. at 164-65 (outlining the two claims and identifying them as "inextricably interdependent").

To prevail on a hybrid Section 301/fair representation claim, the plaintiff "must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation."  Sanozky, 415 F.3d at 282.  In other words, although the plaintiff need not name both the employer and the union as defendants, the plaintiff must prove fault by both in order to succeed against either.  Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33 (2d Cir. 2000);

5

see also DelCostello, 462 U.S. at 165 ("The employee may . . . sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both."). The Supreme Court has clarified that hybrid Section 301/fair representation claims are subject to a six-month statute of limitations, DelCostello, 462 U.S. at 172, and a plaintiff "cannot circumvent the six-month limitations period for hybrid actions by choosing to sue only his employer." Carrion, 227 F.3d at 34 (citation omitted).

Plaintiff's hybrid claim for breach of the CBA arising out of his April 5, 2007 discharge was previously considered by this Court in Arnold I. In that case, summary judgment was granted in favor of the Union on the basis that plaintiff's claim was time-barred under the six-month statute of limitations. In this case, which is based on the same facts and a nearly identical complaint, plaintiff's hybrid claim is also time-barred. The complaint makes plain that "[p]laintiff's grievance hearing was held May 24, 2007," some twenty-two months prior to the commencement of this action. Thus, no later than May 24, 2007, plaintiff knew or reasonably should have known about Beth Abraham's alleged breach of the CBA. Therefore, the claim may be dismissed as the complaint itself "clearly shows the claim is out of time." Harris v. City of N.Y., 186 F.3d 243, 250 (2d Cir. 1999); see also McKenna v. Wright, 386 F.3d 432, 436 (2d

6

Cir. 2004) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." (citation omitted)).[1]  Consequently, plaintiff's hybrid Section 301/fair representation claim must be dismissed.

## II.  Title VII Claims

Construed liberally, plaintiff's complaint also alleges facts consistent with Title VII claims for employment discrimination on the basis of gender and retaliation.  Title VII of the Civil Rights Act of 1964 provides that it is an "unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ."  42 U.S.C. § 2000e-(2)(a)(1).  With respect to retaliation, Title VII provides that it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any

---

[1] Even if the proper date for commencing the six-month period fell instead in June 2007, when the plaintiff received a letter from the Union dated May 30, 2007 informing him that it would not pursue his grievance to arbitration, plaintiff's claim would still be time-barred.  The plaintiff's notification of the Union's decision in June 2007 was undisputed by the parties in Arnold I.

7

practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

Plaintiff has previously asserted a claim of gender-based employment discrimination before the New York State Division of Human Rights (the "Division") and thereafter in Article 78 proceedings in New York Supreme Court. Under 28 U.S.C. § 1738, state court "judicial proceedings . . . shall have the same full faith and credit in every court within the United States," such that federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982); see also AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003). Therefore, if plaintiff's claims of gender discrimination would be barred from further litigation in New York state court, they must also be barred in federal court. See Burka v. N.Y. City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994).

The doctrine of res judicata, also known as claim preclusion, "provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." Channer v. Dep't of Homeland Sec., 527 F.3d 275, 279 (2d Cir. 2008). Res judicata may be invoked in support of a motion to dismiss under Rule 12(b)(6) when "it is clear from the

8

face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000); see also Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).  A court may "look to public records, including complaints filed in state court, in deciding a motion to dismiss."  Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004); see also Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998).

Res judicata applies herein to bar plaintiff's gender discrimination claims.[2]  The Court takes judicial notice of the following facts, which are also available in exhibits accompanying plaintiff's memorandum of law and affirmation in opposition to the defendants' motion.  On July 3, 2007, plaintiff filed a verified complaint against the defendants with the Division, complaining of discrimination and wrongful termination on the basis of his age and gender.  On February 7, 2008, the Division issued a determination finding the existence of probable cause to believe that the defendants had engaged in unlawful discrimination, but this determination was subsequently reversed on reconsideration and a determination of "no probable

---

[2] Because the gender discrimination claims will be dismissed on res judicata grounds, it is unnecessary to reach defendants' argument that plaintiff's Title VII claims are time-barred.

cause" was issued on May 30, 2008.³  The plaintiff then filed an Article 78 petition in New York Supreme Court, New York County, for review of the adverse administrative decision.  On December 16, 2008, the Article 78 court granted defendants' motion to dismiss the petition.  Plaintiff thereafter filed a Notice of Appeal with the Appellate Division on January 23, 2009, and plaintiff's appeal remains pending at this time.  Because the plaintiff sought review of the Division's decision in state court through an Article 78 proceeding, the state court proceedings are entitled to full faith and credit.  Consequently, the plaintiff cannot relitigate his gender discrimination claims in another lawsuit in either state or federal court.  As in Kremer, 456 U.S. 461, the plaintiff having chosen to contest the Division's ruling on his discrimination claim in an Article 78 proceeding, he is barred from relitigating the discrimination claim in either state or federal court.  Id. at 466-67, 479-85.  Moreover, the fact that the plaintiff has sought review of the Article 78 court's decision before the Appellate Division, where his appeal remains pending, does not affect the application of res judicata.  Under New York law, the pendency of an appeal does not deprive a challenged

---

³ The Division found, inter alia, that the record was insufficient to support a nexus between the complainant's sex and the respondent's employment-related actions.  It added that the record contained significant evidence of the complainant's unsatisfactory job performance.

judgment of preclusive effect. See DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir. 2003) (lending preclusive effect to a New York Supreme Court judgment notwithstanding appeal pending before the Appellate Division); Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988) ("[T]he determination of the [New York] state supreme court . . . is entitled to res judicata effect, even though the [party] may be appealing that determination."); Aaron v. Aaron, 768 N.Y.S.2d 739, 741 (App. Div. 3d Dep't 2003) ("[A]bsent a stay, the pendency of an appeal from [a] judgment does not alter the finality or enforceability of that judgment." (citation omitted)); Amica Mut. Ins. Co. v. Jones, 445 N.Y.S.2d 820, 822 (App. Div. 1st Dep't 1981) ("The rule in New York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." (citation omitted)).

In opposition to the motion, plaintiff argues that his claim is not barred by res judicata because "[t]he relief that Plaintiff has sought in state court, before the [Division] and the Article 78 Panel focused solely on Plaintiff's charge of employment discrimination based on gender and were not attempts to seek relief . . . either under Title VII for discrimination or for retaliation." This argument is without merit. New York law applies the "transactional" approach to res judicata,

11

meaning that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008) (per curiam) (citation omitted); see also Kremer, 456 U.S. at 479 (barring Title VII claim even though plaintiff pursued only state law discrimination claims in the Article 78 proceeding). Thus, even if plaintiff did not characterize his claim for gender discrimination as a Title VII cause of action in the proceedings before the Division and the Article 78 Court, such a claim is still barred because it unquestionably involves "the same . . . 'nucleus of operative fact' as the first suit." Channer, 527 F.3d at 280 (citation omitted).

### III. Tort and Contract Claims

In his opposition brief, plaintiff refers to his complaint as "alleg[ing] claims based in tort and contract," including claims that Beth Abraham violated the CBA and that Beth Abraham "intentionally induced 1199 SEIU to breach [its] contractual commitments with Plaintiff." Plaintiff also alleges that he has a claim under New York C.P.L.R. § 213(2) for "anticipatory breach of contract."

Even if the complaint were construed liberally to allege a claim for breach of contract or tortious interference with contract, any such claims must necessarily fail because they are preempted by Section 301 of the LMRA. "[A]ny state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301," meaning that "only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements." United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 368 (1990). Whether a state-law claim is preempted requires deciding whether it "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985); see also Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) ("Where the resolution of a state-law claim depends on an interpretation of the collective-bargaining agreement, the claim is pre-empted." (citation omitted)). Because the complaint could only reasonably be construed to allege that the defendants violated the CBA, and not any other contract, plaintiff's purported state-law claims for breach of contract are preempted and must be dismissed. Moreover, any tortious interference claim against the defendants must also be dismissed on preemption grounds, for such a claim would arise out of interference with the CBA and

13

not any other contract.  See Allis-Chalmers, 471 U.S. at 210-11 (holding that an employee's tort lawsuit against an employer arising out of a collective bargaining agreement was preempted by the LMRA).

## CONCLUSION

The defendants' July 10 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:   New York, New York
         December 30, 2009

                                    _____
                                          DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Andrew Arnold  
1964 Nereid Avenue  
Bronx, NY 10466

Richard Dorn  
Levy Ratner, P.C.  
80 Eighth Avenue, 8th Floor  
New York, NY 10011

Terri L. Chase  
Jones Day  
222 East 41st Street  
New York, NY 10017